# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Roger Jackson, | ) |
|                Petitioner, | ) |
| | ) Case No. 2:14-cv-107 |
| vs. | ) |
| | ) **REPORT AND RECOMMENDATION** |
| Gr[an]d F[orks] [County] | ) |
| Correction[al] Center, | ) |
| | ) |
|                Respondent. | ) |

On November 10, 2014, Roger Jackson ("Jackson") filed a petition for habeas relief.[1] (Doc. #3). At that time, Jackson was in state custody awaiting a hearing on the state's petitions seeking revocation of his probation.[2] See State v. Jackson, Grand Forks County, Case No. 18-2012-CR-01881. Jackson's habeas petition requested that the state case be dismissed, that he be released from state custody, and that his previous habeas case in this court—3:14-cv-77—be reopened. (Doc. #3, pp. 5, 7-11, 13). The court construes the basis of Jackson's instant habeas petition as delay in holding his revocation hearing. Id. at pp. 6-7; (see also Doc. #2, p. 1).

When Jackson filed his previous habeas petition (3:14-cv-77), he was in custody in Douglas County, Wisconsin on warrants issued after the North Dakota authorities filed the petitions seeking the probation revocation. (3:14-cv-77, Doc. #25, p. 1). Jackson asked that this court stop his extradition to North Dakota; however, Jackson's habeas petition was filed the

---

[1] Jackson filed his petition pursuant to 28 U.S.C. § 2254. However, he did not challenge his underlying state conviction or sentence. Rather, he challenged his detention pending a revocation hearing. Arguably, Jackson's physical custody was akin to that of a pretrial detainee, and he could have filed his petition pursuant to 28 U.S.C. § 2241. Regardless, his petition is subject to preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. See Rule 1(b); Bostic v. Carlson, 884 F.2d 1267, 1270 n. 1 (9th Cir.1989).

[2] The state filed three petitions for revocation of Jackson's probation.

same day he appeared in court in Douglas County (August 6, 2014), and he was removed to Grand Forks prior to this court's review of his petition. Id.

Jackson supplemented his previous habeas petition and requested that this court hold a hearing because the North Dakota state court had reset his revocation hearing to a later date. Id. at pp. 1-2. Jackson also raised claims about his conditions of confinement at the Grand Forks County Correctional Center, and he requested a pardon.[3] Id. at p. 1.

This court dismissed Jackson's previous habeas petition, finding that his challenges to the conditions of confinement needed to be brought in a separate civil rights case, that no authority allowed this court to grant a pardon, and that this court could not interfere in the ongoing state court proceedings. Id. at pp. 1-2. This court also observed that Jackson's revocation hearing was reset to November 17, 2014, because of Jackson's motion for a continuance. Id. at 2.

Jackson has a due process right to a speedy probation revocation hearing. Kartman v. Parratt, 535 F.2d 450, 455 (8th Cir. 1976). The state court docket reflects that a revocation hearing was held on November 17, 2014, approximately three months after Jackson appeared in Douglas County on August 6, 2014. State v. Jackson, Grand Forks County, Case No. 18-2012-CR-01881. As previously noted by this court, the revocation hearing was delayed at Jackson's request. Jackson has not alleged that he was prejudiced by the delay. See Kartman, 535 F.2d at 455 (the reasonableness of the delay must be balanced against any resulting prejudice). Under the circumstances, this court concludes that the delay was reasonable, and Jackson was not denied due process.

---

[3] Jackson also filed a letter in the instant habeas action, in which he again raised claims about his conditions of confinement. (Doc. #8). Those matters are not appropriately raised in a habeas petition.

Since it plainly appears from the petition that Jackson is not entitled to relief, the court must dismiss the petition. See Rule 4, Rules Governing Section 2254 Cases. It is therefore **RECOMMENDED** that Jackson's petition for habeas relief be **DISMISSED** without prejudice, and that the court find that any appeal would be frivolous, could not be taken in good faith, and may not be taken *in forma pauperis*. Based upon the entire record before the court, dismissal of the petition is not debatable, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings. Therefore, it is further **RECOMMENDED** that a certificate of appealability not be issued by this court. See Tiedemann v. Benson, 122 F.3d 518, 252 (8th Cir. 1997) (finding that a district court possesses the authority to issue certificates of appealability under Section 2253(c)).

Dated this 1st day of May, 2015.

/s/ *Alice R. Senechal*
Alice R. Senechal
United States Magistrate Judge

**NOTICE OF RIGHT TO OBJECT**

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(3), petitioner may object to this Report and Recommendation by filing with the Clerk of Court no later than May 18, 2015, a pleading specifically identifying those portions of the Report and Recommendation to which objection is made and the basis of any objection. Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.